# EXHIBIT A

  CourtLink® (Dockets)              Client: -None- ⌄    History    Help    More

**Document:**          2021CV005171, Crystal Bartz vs. Client Services, Inc.          Actions ⌄  ⤢

  ⬇ ❄   Go to ⌄                                                          Results list

# 2021CV005171, Crystal Bartz vs. Client Services, Inc.

WI Circuit - Milwaukee

Milwaukee

**This case was retrieved on 10/13/2021**

## ▼Header

**Case Number:** 2021CV005171
**Date Filed:** 08/24/2021
**Date Full Case Retrieved:** 10/13/2021
**Status:** Open
**Misc:** (30301) Money Judgment; Civil

## ▼Summary

**Judge:** Ashley-33, Carl
**BranchId:** 33

## ▼Participants

| Litigants | Attorneys |
|---|---|
| Bartz, Crystal | |
| **Plaintiff** | |
| Zip: 53129 | |
| Country: US | |
| City: Greendale | |
| State: WI | |
| PrimaryAddress: 5316 Mead Road | |
| AddressUpdated: 08-24-2021 | |

| Litigants | Attorneys |
|-----------|-----------|

Client Services, Inc.

**Defendant**

Zip: 63301

Country: US

City: Saint Charles

State: MO

PrimaryAddress: 3451 Harry S. Truman Blvd

AddressUpdated: 08-24-2021

## ▾Proceedings

| Date ⌃ | # ⌃⌄ | Proceeding Text ⌃⌄ | Details ⌃⌄ |
|--------|------|--------------------|------------|
| 08/24/2021 | | Summons and complaint | Event Type: SAC<br>Judge<br>Ashley-33, Carl<br>Nbr<br>1<br><br>Event Amount: 0.00 |
| 08/24/2021 | | Case initiated by electronic filing | Event Type: CIEF<br>Nbr<br>2<br><br>Event Amount: 0.00 |
| 08/24/2021 | | Filing fee paid Adjustment Number: 21A 078984,\nPayable Number: 950495,\nReceipt Number: 21RP033888,\nAmount: $289.00 | Event Type: FFP<br>Nbr<br>3<br><br>Event Amount: 289.00 |
| 08/24/2021 | | Exhibit | Event Type: EX<br>Nbr<br>4<br><br>Event Amount: 0.00 |
| 10/05/2021 | | Admission of service RE: Khari Ferrell, filed | Event Type: AOS<br>Judge<br>Ashley-33, Carl<br>Nbr<br>5<br><br>Event Amount: 0.00 |

The data or information provided is not the official records of the court. Data provided from WCCA Information may not reflect the most current disposition activity. Users should verify the data and information by consulting the official court record maintained by the court in question. The official custodian of all official circuit court records in Wisconsin is the clerk of circuit court or register in probate.

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***



About                          Cookie Policy              RELX™
Privacy Policy                 Terms & Conditions
                                                          Copyright © 2021 LexisNexis.

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV005171
Honorable Carl Ashley-33
Branch 33

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE**

Crystal Bartz vs. Client Services, Inc.                **Electronic Filing Notice**

Case No. 2021CV005171
Class Code: Money Judgment

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
SAINT CHARLES MO 63301

Case number 2021CV005171 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 6b9d45**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: August 24, 2021

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV005171
Honorable Carl Ashley-33
Branch 33

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE COUNTY**

| | | |
|---|---|---|
| CRYSTAL BARTZ,<br>5316 Mead Road<br>Greendale, WI 53129, | | **SUMMONS** |
| | Plaintiff, | Case No.: |
| | | Classification Code: 30301 |
| | v. | **<u>Jury Trial Demanded</u>** |
| CLIENT SERVICES, INC,<br>3451 Harry S. Truman Blvd<br>St Charles, MO 63301, | | Amount claimed is greater than the<br>amount under Wis. Stat.<br>§ 799.01(1)(d). |
| | Defendant. | |

THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North 9th Street, Milwaukee, Wisconsin 53223, and to Plaintiff's attorney, whose address is Ademi LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or represent you.

If you do not provide an answer within twenty (20) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A

1

Judgment may be enforced as provided by law.  A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:  August 24, 2021     ADEMI LLP

            By: _Electronically signed by Mark A. Eldridge_
              Mark A. Eldridge (SBN 1089944)
              *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

FILED
08-24-2021
John Barrett
Clerk of Circuit Court
2021CV005171
Honorable Carl Ashley-33
Branch 33

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT CIVIL DIVISION | MILWAUKEE COUNTY |

---

CRYSTAL BARTZ,
5316 Mead Road
Greendale, WI 53129,

                Plaintiff,

      v.

CLIENT SERVICES, INC,
3451 Harry S. Truman Blvd
St Charles, MO 63301,

                Defendant.

        :
        :
        :

**COMPLAINT**

Case No.:_____
Classification Code: 30301

**Jury Trial Demanded**

---

COMES NOW Plaintiff Crystal Bartz, by her Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1.    This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.    The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect debts in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## **PARTIES**

3.      Plaintiff Crystal Bartz is an individual who resides in Milwaukee County.

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.      Defendant Client Services, Inc. ("Client Services") is a debt collection agency with its principal offices located at 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301.

6.      Client Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.      Client Services is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8.      Client Services is a debt collector as defined in 15 U.S.C. § 1692a.

## **FACTS**

9.      On or around October 30, 2020, Defendant mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Citibank." A copy of this letter is attached to this complaint as Exhibit A.

10.      Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, namely a personal credit card.

11.      Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to the alleged debt inserted by the computer.

12.      Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

2

13.   Upon information and belief, Exhibit A is the first written communication Defendant mailed to the consumer regarding this alleged debt.

14.   Exhibit A contains language that largely reflects the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

15.   Exhibit A also contains the following settlement offers:

We are offering you the ability to resolve your account balance for the amount of $1,037.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account. This offer does not affect your right to dispute the debt as described above.

16.   The above offer requires that the consumer's payment be *received* by December 9, 2020.

17.   Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading where such offer is available at any time.

18.   Such statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

19.   The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still

3

> be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20.     Although <u>Exhibit A</u> includes the safe harbor language prescribed by *Evory*, such safe harbor language is overshadowed by the letter's prior statement that "This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing."

21.     The implication of the safe harbor language, understood in the context of the letter, is that the "renewal possibility" only exists if the consumer accepts the offer and mails the payment within the 40-day window, but the payment does not actually reach the office by the deadline.  *See, e.g., Al v. Van Ru Credit Corp.*, No. 17-cv-1738, 2018 U.S. Dist. LEXIS 70321, at *9-10 (E.D. Wis. Apr. 26, 2018) ("How the safe-harbor language would affect an unsophisticated consumer is a fact-specific question not amenable to resolution on a motion to dismiss."); *Pollak v. Portfolio Recovery Assocs., LLC*, 285 F. Supp. 3d 812, 834 (D.N.J. 2018) ("courts have found that if a collection letter contains the language, 'we are not obligated to renew this offer,' it does not violate the FDCPA, so long as the rest of the language in the collection letter does not contradict that safe harbor language.").

22.     Where the Seventh Circuit prescribes safe-harbor language, this language is not "blessed" as generally acceptable---rather, the Seventh Circuit has made it clear that its safe-harbor language applies only in the specific "type" of case addressed in the opinion.  *See Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 371 (7th Cir. 2018) ("debt collectors cannot immunize themselves

4

from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances."); *Evory*, 505 F.3d at 775-76 ("we think the *present concern* can be adequately addressed …"); *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) ("We commend this redaction as a safe harbor for debt collectors who want to avoid liability for the kind of suit Bartlett has brought and now won.  The qualification "for the kind of suit that Bartlett has brought and now won" is important.  We are not certifying our letter against challenges based on other provisions of the statute; those provisions are not before us."); *see also O'Chaney v. Shapiro and Kreisman, LLC*, 2004 U.S. Dist LEXIS 5116, at *13 (N.D. Ill. Mar. 25, 2004) (rejecting the argument that a debt collector could avoid liability for use of safe harbor language where the Seventh Circuit expressly limited the reach of the language to different claims).

23.     Reading the letters as a whole, the unsophisticated would understand the settlement offer included in <u>Exhibit A</u> had a deadline. In the context of the letter, the unsophisticated consumer would not understand the phrase "we are not obligated to renew this offer" to mean that "renewal [of the settlement offer is a] possibility but that it is not assured." *See Evory*, 505 F.3d at 775-76.

24.     Upon information and belief, the deadline in <u>Exhibit A</u> to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

25.     Upon information and belief, Client Services had authority from the creditor to settle the Plaintiff's accounts for the amounts offered by <u>Exhibit A</u>, or less, at any time.

26.     Additionally, <u>Exhibit A</u> includes a second leaf, which is designated "2 of 2" notwithstanding the fact that both leaves are double-sided.

5

27.    Page "2 of 2" of <u>Exhibit A</u> includes a header which reads "DEBT VALIDATION NOTICE," but the "DEBT VALIDATION NOTICE" is entirely blank, with substantial white-space left beneath the header.

28.    Confronted with the header "DEBT VALIDATION NOTICE" and the substantial blank space beneath it, the unsophisticated consumer would believe that the letter included missing information and would be confused as to what the "DEBT VALIDATION NOTICE" represented.

29.    Considering a similar debt collection letter, a court in the Southern of District of New York stated:

> In this Court's view, a typical recipient of [the defendant's] communications could be left with any of several reasonable conclusions upon reading the letter. These include the following: (1) he could assume that he had not received the "important information" due to [the defendant's] printing or mailing error; (2) he could be unsure whether he had received the "important information," and thus might, for instance, call [the defendant] to inquire about his rights and repayment options; or (3) he could assume that [the defendant] had made a mistake and, in fact, the "important information" was on the separately enclosed page. [the defendant], of course, urges the third reading, and it is surely a reading at which a recipient could arrive. But it would be reasonable, too, to draw the other two readings. And under either, the consumer would be left unsure as to the nature and scope of his rights, whether to credit the validation notice, and whether he had received all the information he was intended to receive—and to which he was entitled. But under the statute, the consumer should not need to guess; information must be conveyed "clearly and effectively."

*Papetti v. Rawlings Fin. Servs.*, LLC, 121 F. Supp. 3d 340, 350 (S.D.N.Y. 2015).

30.    Upon information and belief, the purpose of the representation "DEBT VALIDATION NOTICE" followed by blank space is to encourage the consumer to contact Client Services by telephone, whereupon Client Services could use aggressive and unconscionable high-pressure tactics to attempt to induce payments from the consumer.  *See, e.g., DeGeorge v. Fin. Recovery Servs.*, No. 11-cv-4288, 2012 U.S. Dist. LEXIS 140966 (E.D. Penn. Sept. 28, 2012)

6

(plaintiff stated claim that defendant engaged in unfair debt collection practices by sending letters that "required plaintiff to contact defendant to take advantage of a discount, thereby exposing plaintiff to additional pressures of in-person communication.").

31.     Plaintiff was confused and misled by <u>Exhibit A</u>.

32.     The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

33.     Plaintiff had to spend time and money investigating <u>Exhibit A</u> and the possible consequences of responding to <u>Exhibit A</u>.

### ***The FDCPA***

34.     Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35.     The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). Furthermore, whether a debt collection letter is false, confusing, or misleading as a question of fact. Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 775-76 (7th Cir. 2007); *see also Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 367 (7th Cir. 2018) (quoting *McMillan v. Collection Professionals*, 455 F. 3d 754, 759 (7th Cir. 2006)).

7

36.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

37.     15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38.     15 U.S.C. § 1692e(5) specifically prohibits: "the threat to take any action that cannot legally be taken or that is not intended to be taken."

39.     15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40.     15 U.S.C. § 1692g(b) states, in relevant part:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

41.     The statement on Exhibit A "DEBT VALIDATION NOTICE" followed by a blank page is a material misrepresentation because the unsophisticated consumer would be left wondering what the important information was and whether the debt collector had failed to include this information. *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 353 (S.D.N.Y. Aug. 5, 2015).

### *The WCA*

42.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

8

43.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives."  Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

44.     To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all consumers who suffer similar injuries.  Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under this section that there exists an adequate remedy at law."  *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

45.     The private cause of action is essential to deterring violations and furthering the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act.  The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

9

46.     Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

47.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

48.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

49.     Wis. Stat. § 421.108 provides: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

50.     Wis. Stat. § 426.110 provides, in relevant part:

(1)  … [A]ny customer affected by a violation of chs. 421 to 427 and 429 or of the rules promulgated pursuant thereto or by a violation of the federal consumer credit protection act, or by conduct of a kind described in sub. (2), may bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub.

10

(14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429. [...]

(2) Actions may be maintained under this section against any person who in making, soliciting or enforcing consumer credit transactions engages in any of the following kinds of conduct:

…

(c) False, misleading, deceptive, or unconscionable conduct in enforcing debts or security interests arising from consumer credit transactions.

51.     Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

52.     Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct … in such a manner as can reasonably be expected to threaten or harass the customer."

53.     Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist."

54.     Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten[ action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

55.     Wis. Stat. § 427.104(1)(m) states that a debt collector may not: "Engage in conduct in violation of a rule adopted by the administrator after like conduct has been restrained or enjoined by a court in a civil action by the administrator against any person pursuant to the provisions on injunctions against false, misleading, deceptive or unconscionable agreements or conduct (ss. 426.109 and 426.110)."

56.     The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair

11

Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer.  *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## **COUNT I – FDCPA**

57.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58.     By including the statement "we are not obligated to renew this offer" after the statement "If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void," Exhibit A includes false, deceptive, and misleading representations.

59.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

## **COUNT II – WCA**

60.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

61.     By including the statement "we are not obligated to renew this offer" after the statement "If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void," Exhibit A includes false, deceptive, and misleading representations, which violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

62.     Defendant violated Wis. Stat. §§ 426.110, 427.104(1)(g), 427.104(1)(h), and 427.104(1)(L).

## **COUNT III – FDCPA**

63.     Plaintiff incorporates by reference as if fully set forth herein the allegations in the preceding paragraphs of this Complaint.

64.     Exhibit A states "DEBT VALIDATION NOTICE" on page 4 but the page is blank.

12

65.     The unsophisticated consumer would be confused as misled as to whether there was additional information that should have been conveyed.

66.     <u>Exhibit A</u> is misleading and confusing to the unsophisticated consumer who would not understand why she was sent a "debt validation notice" when the sheet was blank.

67.     Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT IV – WCA

68.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

69.     <u>Exhibit A</u> states "DEBT VALIDATION NOTICE" on page 4 but the page is blank.

70.     The unsophisticated consumer would be confused as misled as to whether there was additional information that should have been conveyed.

71.     <u>Exhibit A</u> is misleading and confusing to the unsophisticated consumer who would not understand why she was sent a "debt validation notice" when the sheet was blank, which violated 15 U.S.C. §§ 1692e and 1692e(10).

72.     Defendant violated Wis. Stat. §§ 426.110, 427.104(1)(g), 427.104(1)(h), and 427.104(1)(m).

## CLASS ALLEGATIONS

73.     Plaintiff brings this action on behalf of a class consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a debt collection letter in the form of <u>Exhibit A</u> to the Complaint, (c) from August 24, 2020 through the present, (d) that was not returned by the postal service.

74.     The class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of each class.

13

75.     There are questions of law and fact common to the members of each of the classes, which common questions predominate over any questions that affect only individual class members.

76.     Plaintiff's claims are typical of the claims of their respective class members.  All are based on the same factual and legal theories.

77.     Plaintiff will fairly and adequately represent the interests of the members of the class.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

78.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

79.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     injunctive relief

(d)     attorneys' fees, litigation expenses and costs of suit; and

(e)     such other or further relief as the Court deems proper.

Dated:  August 24, 2021

ADEMI LLP

By:     *Electronically signed by Mark A. Eldridge*
        John D. Blythin (SBN 1046105)

14

Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

15

**FILED**
**08-24-2021**
**John Barrett**
**Clerk of Circuit Court**
**2021CV005171**
**Honorable Carl Ashley-33**
**Branch 33**

# EXHIBIT A

**client SERVICES** INCORPORATED

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX5262
BALANCE DUE: $1,595.35
REFERENCE NUMBER: ▮▮▮4337

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 10/30/2020

## DEBT VALIDATION NOTICE

Our client, the current creditor referenced above, has placed the above Meijer Credit Card account with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Your Account Balance: $1,595.35**
**Your Account Resolution Offer: $1,037.00**

### ACCOUNT RESOLUTION OFFER

We are offering you the ability to resolve your account balance for the amount of $1,037.00. To accept this offer, our office must receive payment within forty (40) days of the date of this notice. This offer is contingent upon timely receipt of your payment. If payment is not received in our office within forty (40) days of the date of this notice, this offer will be withdrawn and will be deemed null and void, with the remainder of the balance being due and owing. We are not obligated to renew this offer. Please note that no interest will be added to your account balance through the course of Client Services, Inc. collection efforts concerning your account. This offer does not affect your right to dispute the debt as described above.

We look forward to working with you in resolving this matter.

Joshua Pinkowski

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE**

PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | ▮▮4337 |
| --- | --- |
| AMOUNT ENCLOSED | |



**Checks Payable To:**
**Citibank, N.A.**

### REMIT TO:

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376

CRYSTAL BARTZ
5316 MEAD RD
GREENDALE WI 53129-1232

1 of 2

117611-143-CB809SO

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Numbers: 2076846, 2076851, 2096216
You may request a translation of certain communications into Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer Affairs website, www.nyc.gov/dca.

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.



**client** SERVICES INCORPORATED

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047
CURRENT CREDITOR: Citibank, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX5262
BALANCE DUE: $1,595.35
REFERENCE NUMBER: ▮▮▮4337

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504
TTY Service: Dial 711

DATE: 10/30/2020

## DEBT VALIDATION NOTICE

| | | | |
|---|---|---|---|
| ✉ | Send your payment in the enclosed envelope using the remittance coupon below. |  | Online: www.csiezpay.com |
| ☎ | Pay-by-Phone: 1-877-552-5905 |  | Contact our office at 877-288-0504 for payment options, which may be available to you. |

PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | ▮▮▮4337 |
|---|---|
| AMOUNT ENCLOSED | |

Checks Payable To:
Citibank, N.A.

REMIT TO:

CRYSTAL BARTZ
5316 MEAD RD
GREENDALE WI 53129-1232

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376
ᵗᶥᵘᶥᶥᶥᵗᶥᵗᵘᶥᶥᵗᶥᵗᵘᶥᵘᶥᵗᶥ



2 of 2

117611-144-CB809SO

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

**COLORADO**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Club Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (Phone: 720-287-8650)

**KANSAS**
An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**MASSACHUSETTS**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

**NEW YORK CITY**
New York City Department of Consumer Affairs License Numbers: 2076846, 2076851, 2096216
You may request a translation of certain communications into Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the NYC Department of Consumer Affairs website, www.nyc.gov/dca.

**NORTH CAROLINA**
3451 Harry S Truman Blvd. Saint Charles, MO 63301-4047; Permit Number: 113653
Do not send payments or correspondence to the below branch locations:
Eurocenter Diursa, Bldg 1, 2nd Floor, Barreal de Heredia, Frente a Ceneda, Heredia, Costa Rica; Permit Number: 113662

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

STATE OF WISCONSIN  CIRCUIT COURT  MILWAUKEE COUNTY
         CIVIL DIVISION

---

CRYSTAL BARTZ,  
5316 Mead Road  
Greendale, WI 53129,      :  Case No.: 2021CV005171

       Plaintiff,

     v.        :  Hon. Carl Ashley  
            Branch 33  
CLIENT SERVICES, INC,  
3451 Harry S. Truman Blvd  
St Charles, MO 63301,

       Defendant.

---

## ACCEPTANCE OF SERVICE

---

   Khari Ferrell, hereby accepts and admits personal service of the Summons and Class Action Complaint filed on August 24, 2021, in the above-captioned matter on behalf of Defendant Client Services, Inc. Atty. Ferrell represents that he is authorized to accept and admit service on behalf of the Defendant and hereby waives any and all objections that service of process was improper. The Defendant expressly reserves, and does not waive, any and all other rights, objections, and defenses that they may have to the complaint including but not limited to the court's jurisdiction, and the venue of the action. The Defendant understand that they must file an answer or motion in response to the complaint within 45 days of September 16, 2021 and is at risk of a default judgment if no responsive pleading is timely filed.

   Dated: September __17__, 2021

         By: _Khari Ferrell_  
           Khari M. Ferrell  
           **MALONE FROST MARTIN PLLC**  
           8750 N. Central Expressway  
           Northpark Central, Suite 1850  
           Dallas, Texas 75231